IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO.: 3:17-cr-01070-JMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HARRY LEE GOODWIN, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture as to Defendant Harry Lee Goodwin ("Goodwin", "Defendant"), based upon the following:

1. On November 15, 2017, a multi-count Indictment was filed charging Goodwin with drug trafficking, in violation of 21 U.S.C. § 841, and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a notice of forfeiture providing that upon Goodwin's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified, such assets include, but are not limited to the following:

    A.    Ammunition:

        50 cartridges of .223 Remington ammunition marked with a HORNADY and 223 REM headstamp; 1 cartridge of 30-30 Winchester ammunition marked with a 30-30 WIN headstamp; and one cartridge of .380 Automatic Colt Pistol ammunition marked with a WIN and 380 AUTO headstamp.

        Seized from: Harry Lee Goodwin
        Asset ID: 18-ATF-017941

1

3. On January 29, 2018, Goodwin pled guilty pursuant to a written plea agreement to the charge of possession with intent to distribute a quantity of heroin, a Schedule 1 controlled substance; and a quantity of cocaine base (commonly referred to as "crack" cocaine) (Count 6), in violation of 21 U.S.C. § 841. The written plea agreement provided that Defendant would voluntarily abandon all right, title and claim in the ammunition seized from him to the United States.

4. Based on Defendant's conviction and other matters of record, the Court has determined that Goodwin has an interest in the below-described property, and that the property is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

5. The Court has determined that the Government has established the requisite nexus between the said property subject to forfeiture and the offense for which Goodwin has been convicted; therefore, the United States is entitled to a Preliminary Order of Forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED**,

1. The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant Harry Lee Goodwin, in and to such property.

    A. <u>Ammunition</u>:

    50 cartridges of .223 Remington ammunition marked with a HORNADY and 223 REM headstamp; 1 cartridge of 30-30 Winchester ammunition marked with a 30-30 WIN headstamp; and one cartridge of .380 Automatic Colt Pistol ammunition marked with a WIN and 380 AUTO headstamp.

    Seized from: Harry Lee Goodwin
    Asset ID: 18-ATF-017941

2. Upon entry of the criminal judgment, this Order becomes final as to Goodwin, and shall be made a part of its sentence and included in the criminal judgment.

3. The United States shall publish notice of this Order and its intents to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in said property.

4. Upon entry of this Order, the United States or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's office and to commence proceedings that comply with statutes governing third party rights.

5. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the property following the Court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9. The Court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                            s/J. Michelle Childs
                                            J. MICHELLE CHILDS
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 27, 2018